## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

TMA LEASING, INC. D/B/A                                CIVIL ACTION
TMA ENVIRONMENTAL

VERSUS                                                         15-708-SDD-RLB

VACUUM TRUCK SALES & SERVICE,
LLC, VACUUM TRUCK RENTALS, LLC.
AND AXIS CAPITAL, INC.

### RULING

This matter is before the Court on the *Motion to Dismiss*[1] by Defendant Crum &

Forster Specialty Insurance Company ("CFSI" or "Defendant"). Plaintiff TMA Leasing, Inc.

("Plaintiff") has filed an *Opposition*[2] to this motion to which Defendant has filed a *Reply*.[3]

For the following reasons, the Court finds that the Defendant's motion should be granted.

I.      **FACTUAL BACKGROUND**[4]

In December of 2011, Plaintiff alleges it purchased from Defendant a 2007 Keith

Huber King Vacuum Truck ("the Truck") for $239,000.00.[5]   TMA further alleges that

Vacuum Truck's salesperson James Schweitzer misrepresented to TMA that the Truck's

vacuum pump was newly rebuilt and properly assembled. On January 21, 2015, a fire

occurred under the Truck's vacuum pump causing physical damage to the Truck.  TMA

alleges that it sent the damaged Truck to Keith Huber, the Truck's manufacturer, to be

---

[1] Rec. Doc. No. 21.
[2] Rec. Doc. No. 27.
[3] Rec. Doc. No. 29.
[4] All of the facts are taken from Plaintiff's *Petition* (Rec. Doc. No.1), *Amended Supplemental and Restated Complaint* (Rec. Doc. No. 12), and the *Status Report* (Rec. Doc. No. 13) filed in this matter.
[5] In its original *Petition*, TMA alleged that it authorized Axis Capital, Inc. to purchase the truck to be used in TMA's business.  Rec. Doc. No. 1, ¶¶ 4-5.
32816

inspected.  TMA contends this inspection revealed severe damage, defects, and other irregularities with the vacuum pump which showed that the pump had been improperly built.  TMA filed this lawsuit alleging claims of redhibition, rescission of contract on the basis of fraud and/or error, and breach of warranty.

TMA named CFSI as a direct action defendant in its *Amended, Supplemental, and Restated Complaint*.[6]  CFSI issued Environmental Package Policy No. EPK-104226 to Named Insureds Vacuum Truck Rentals, LLC, Vacuum Truck Services, LLC, and WC Leasing, LLC.  TMA contends that CFSI, as an insurer of Vacuum Truck, is jointly and solidarily liable with Vacuum Truck for TMA's damages.

CFSI has moved to dismiss TMA's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  CFSI contends that non-parties to a policy of insurance, like TMA, may only assert claims against an insurer pursuant to the Louisiana Direct Action Statute,[7] which creates a right of action for tort claims, not contractual claims.  CFSI argues that, because TMA's suit alleges redhibition, rescission of contract based on error or fraud, and breach of warranty, claims all based in contract rather than tort, TMA fails to state a claim for relief against CFSI under the Direct Action Statute.

TMA opposes CFSI's motion arguing that it has stated claims for redhibition, breach of contract, and tort, which may proceed under the Direct Action Statute.  TMA contends that redhibition can state a cause of action in tort.

---

[6] Rec. Doc. No. 13.
[7] La. R.S. 22:1269.
32816

## II.    LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[8]  The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[9]  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[10]  In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[11]  A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[12]  However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]  In order to satisfy the plausibility standard, the plaintiff must show "more than

---

[8] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).
[9] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[10] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[13] *Twombly*, 550 U.S. at 570.
32816

a sheer possibility that the defendant has acted unlawfully."[14]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[15]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[16]

### B.  Louisiana Direct Action Statute

The Louisiana Direct Action Statute grants a procedural right of action against an insurer where the plaintiff has a substantive cause of action against the insured.[17]  The Statute provides as follows, in pertinent part:

> It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons and their survivors or heirs to whom the insured is liable; and, that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability the insured may have as or for a tortfeasor within the terms and limits of the policy.

In interpreting the Direct Action Statute, the Louisiana Supreme Court determined that "the statute applies to any insurance against the liability of the insured for the personal injury or corporeal property damage to a tort victim ... further the statute affords a person sustaining any other type of tortious loss or damage a direct action against the tortfeasor's insurer."[18]  Thus, the Direct Action Statute does not apply to all claims of any nature simply because an insurer is a defendant.[19]  Louisiana courts have consistently held that the

---

[14] *Iqbal*, 556 U.S. at 678.
[15] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[16] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[17] *Mentz Const. Services, Inc. v. Poche*, 2011-1474 (La. App. 4 Cir. 3/14/12); 87 So.3d 273, 276, citing *Hood v. Cotter*, 2008-0215 (La. 12/2/08); 5 So.3d 819, 829.
[18] *Quinlan v. Liberty Bank and Trust Co.*, 575 So.2d 336, 347 (La.1990).
[19] *Taylor v. Fishing Tools, Inc.,* 274 F.Supp. 666, 673 (E.D.La.1967).
32816

"injured person," contemplated by the statute, accorded a right of direct action, is a person injured as a result of tortious conduct and not one injured as a result of breach of contract.[20]   In *Mentz Construction Services, Inc. v. Poche*, the Court of Appeal of Louisiana, Fourth Circuit, succinctly explained:

> Although direct actions against insurers are limited to tort liability and not authorized in actions stemming from breach of contract, a lawsuit which sets forth numerous theories for recovery may proceed under the DAS. *Orleans Parish School Bd. v. Chubb Custom Ins. Co.*, 162 F.Supp.2d 506, 516 (E.D.La.2001). When a party has been damaged by the conduct of another arising out of a contractual relationship, the party may have two remedies, a suit in contract or a suit in tort, and he may elect to recover his damages under either of the two actions. *Corbello v. Iowa Prod.*, 02–0826, p. 32 (La.2/25/03), 850 So.2d 686, 708, quoting *Federal Ins. Co. v. Ins. Co. of North America*, 262 La. 509, 263 So.2d 871, 872 (1972).
>
> However, this court in *Certain Underwriters at Lloyd's, London v. Sea–Lar Mgmt.*, 00–1512 (La.App. 4 Cir. 5/9/01), 787 So.2d 1069, has set forth the distinctions between an action on a contract and a tort action. The court noted that where a cause of action arises from breach of a promise set forth in contract, the action is "ex contractu", but where it arises from a breach of duty growing out of contract, it is "ex delicto." *Certain Underwriters at Lloyd's, London,* 00–1512 at p. 6, 787 So.2d at 1074. Thus, the main distinction between an action on a contract and a tort action is that the former flows from the breach of a special obligation contractually assumed by the obligor, whereas the latter flows from the violation of a general duty owed to all persons. *Certain Underwriters at Lloyd's, London*, 00–1512 at p. 7, 787 So.2d at 1075, citing *Ridge Oak Development, Inc. v. Murphy*, 94–0025 (La.App. 4 Cir. 6/30/94), 641 So.2d 586.
>
> It is well settled in Louisiana law that the same acts or omissions may constitute a breach of both general duties and contractual duties and may give rise to both actions in tort and actions in contract. *Id.* However, the parties to a contract have a right to elevate a general duty to a contractual obligation by including that duty as a provision of the contract. *Id.*
>
> Since the DAS applies only to tort claims and not to breach of contract claims, we must look to the nature of the claims asserted in [the plaintiff's] reconventional demand to determine whether the statute applies. *Taylor*, 274 F.Supp. at 673.

---

[20] *Mentz*, 87 So.3d at 276, citing *Taylor*, 274 F.Supp. at 673.
32816

Thus, in accordance with the Louisiana Direct Action Statute and applicable jurisprudence, the Court must look at the nature of the claims asserted by TMA in its pleadings to determine whether the Direct Action Statute authorizes a direct action claim against CFSI.

### C. Redhibition, Rescission, Breach of Warranty[21]

In support of its position that a redhibition claim can lie in tort, Plaintiff relies on *Champion v. Panel Era Mfg. Co.*,[22] a case decided in 1982 by the Third Circuit Court of Appeal of Louisiana.  Indeed, in *Champion*, the court held that "the factual allegations of a petition for redhibition may also state a cause of action in tort, and indeed the trial judge here correctly found that the claims could arise from redhibition, tort, breach of contract, negligence or products liability."[23]  Conversely, CFSI relies on the decision of the Fourth Circuit Court of Appeal of Louisiana in *Touro Infirmary v. Sizeler Architects*,[24] which held: "A redhibition suit is a contractual action. Comparative negligence may only be asserted in a tort action."[25]   In *Aucoin v. Southern Quality Homes, LLC*,[26] the Louisiana Supreme Court noted this split but has yet to resolve it.[27]

---

[21] It appears undisputed that breach of warranty is a contract claim.

[22] 410 So.2d 1230 (La. App. 3 Cir. 1982).

[23] *Id.* at 1236.

[24] 04–0634 (La.App. 4 Cir. 3/23/05), 900 So.2d 200, *writs denied*, 04–2114 (La.5/6/05), 901 So.2d 1093 and 05–1315 (La.1/13/06), 920 So.2d 232.

[25] *Id.* at 205, quoting *Hostetler v. W.Gray & Co., Inc.*, 523 So.2d 1359, 1368 (La. App. 2 Cir. 1988).

[26] 2007-1014 (La. 2/26/08); 984 So.2d 685.

[27] *Id.* at 593, n.12 ("Since the 1996 amendments to La. C.C. arts. 2323 and 2324, courts of appeal have split on the issue of whether La. C.C. arts. 2323 and 2324 apply to abolish solidary liability in redhibition cases. The First and Second Circuits have held that these articles apply to a redhibition suit. *Petroleum Rental Tools, Inc. v. Hal Oil & Gas, Co., Inc.*, 95,1820 (La.App. 1 Cir. 8/22/97), 701 So.2d 213, *writ dismissed*, 97–3088 (La.2/10/98), 706 So.2d 982; *Hampton v. Cappaert Manufactured Housing, Inc.*, 36,773 (La.App. 2 Cir. 1/29/03), 839 So.2d 363. On the other hand, the Fourth Circuit has held that La. C.C. art. 2323 applies only to "actions based in tort" and that a redhibition suit is a contractual action, not a tort action. *Touro Infirmary v. Sizeler Architects*, 04–0634 (La.App. 4 Cir. 3/23/05), 900 So.2d 200, 205, *writs denied*, 04–2114 (La.5/6/05), 901 So.2d 1093 and 05–1315 (La.1/13/06), 920 So.2d 232.").

32816

The Court has considered the opinions of Louisiana federal courts applying Louisiana law in similar cases. In *PHI, Inc. v. Rolls-Royce Corp.*,[28] the district court for the Western District of Louisiana noted as follows:

> The codal articles addressing redhibition are contained in Title VII of Book HI, which addresses sales. See La. Civ.Code arts. 2520 ("Warranty against redhibitory defects"), *et seq.* Sales are a nominate contract. La. Civ.Code arts.1914, 2438. *See also Datamatic, Inc. v. International Business Machines Corporation*, 795 F.2d 458, 462 (5th Cir.1986)("**The action in redhibition is inherently contract-based. Both the theory of the action and the relief available differ from those applicable to a suit in tort**."); *Austin v. North American Forest Products*, 656 F.2d 1076, 1083 (5th Cir.1981)(Under Louisiana law, damages caused by breach of warranty in a contract of sale are regarded as founded upon redhibition, and although a suit for breach of contract is generally subject to a ten-year prescriptive period, such prescriptive period, applicable to breach of contract actions, does not apply to suits for damages for breach of warranty in a contract of sale).[29]

The Court is also guided by the United States Court of Appeals for the Fifth Circuit's decision in *Chevron USA, Inc. v. Aker Maritime, Inc.*,[30] wherein the Fifth Circuit stated as follows:

> As explained by the Supreme Court, the economic loss doctrine prevents a plaintiff from recovering for damage to the product itself or losses that arise from the plaintiff's inability to use the product. *E. River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 867–70, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986). The purpose of the doctrine is to maintain the traditional distinction between contract and tort. *Id.* at 871–75, 106 S.Ct. 2295; *accord In re Chinese Manufactured Drywall Prods. Liability Litigation,* 680 F. Supp.2d 780, 788–90, 2010 WL 277063, at *7–8 (E.D.La. Jan.13, 2010) (providing an up-to-date overview of the economic loss rule). When a product damages other property or causes personal injury, the action is for an unsafe product in tort. *Transamerica Delaval*, 476 U.S. at 871, 106 S.Ct. 2295. **If the damage is instead to the product itself or a loss of profits, the action properly is in warranty or contract**, for responsibility for those

---

[28] No. 08-1406, 2010 WL 883794 (W.D. La. Mar. 9, 2010).
[29] *Id.* at *4, n. 12.
[30] 604 F.3d 888 (5th Cir. 2010).
32816

damages can more reasonably be the subject of negotiations. *Id.* at 871–72, 106 S.Ct. 2295.[31]

TMA's *Amended, Supplemental, and Restated Complaint* states that the fire under the Truck's vacuum pump "caused physical damage to the Truck;"[32] and "[w]ithout a functioning vacuum pump, the Truck is useless and cannot be used in TMA's vacuum service business."[33]   Based on TMA's own description of its damages, it is clear that the claims brought are contractual in nature.   As emphasized above, "[i]f the damage is instead to the product itself or a loss of profits, the action properly is in warranty or contract[.]"[34]   Vacuum Truck did not only sell TMA a vacuum pump; rather, it sold TMA the Truck.   Therefore, the Truck is the product that was sold, the object of the contract, and the only property that TMA claims was damaged, in addition to the loss of profits from not being able to use this Truck in its business.

The Court acknowledges Plaintiff's allegations of fraudulent misrepresentation in paragraphs 23 and 24 of the *Amended, Supplemental, and Restated Complaint*; however, reading the entire pleading, these claims are clearly asserted as a basis for contract rescission.   In *Griffin v. BSFI Western E&P, Inc.*,[35] the court addressed a claim of tortious fraudulent misrepresentation and provided a basis for distinguishing tort from contract. The *Griffin* court noted:

> "[T]here is no general duty to speak, but if someone does speak, she may be liable in tort if she makes an intentional or a negligent misrepresentation. Intentional misrepresentation is fraud ...." Frank L. Maraist & Thomas C. Galligan, Jr., Louisiana Tort Law § 5–7(h) (1996). Misrepresentation,

---

[31] *Id.* at 900 (emphasis added).
[32] Rec. Doc. No. 13., ¶ 13.
[33] *Id.* at ¶ 19.
[34] *See* n. 31, *supra.*
[35] 2000-2122 (La. App. 1 Cir. 2/15/02); 812 So.2d 726.
32816

intentional (as in fraud) or negligent, can be characterized as a delict recognizable under La. C.C. article 2315. *See Wilder v. Wilder*, 263 So.2d 730, 731 (La.App. 1st Cir.), *application denied*, 262 La. 1101, 266 So.2d 225 (1972); *Bunkie Bank & Trust Company v. Johnston*, 385 So.2d 1264, 1268 (La.App. 3d Cir.1980); *see White v. Lamar Realty, Inc.*, 303 So.2d 598 (La.App. 2d Cir.1974); *Kearney v. Maloney*, 296 So.2d 865, 869–70 (La.App. 4th Cir.1974) (on limited rehearing); *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 627 5th Cir.1999). Fraud can also be pled as a basis for a contractual action. See La. C.C. art.1953 (general definition of fraud found in section of the Civil Code on vices of consent to conventional obligations or contracts).[36]

In *Griffin*, the court ultimately found that, "[b]ased on the true characterization of the allegations of fraud in the state pleadings, the action alleged was the intentional tort of fraudulent misrepresentation. The factual allegations were directed toward a recovery of damages, and not asserted as a basis for contract recession [sic] or another identifiable cause of action with a longer prescriptive period."[37]  The plaintiffs also alternatively pled for a finding of negligence if intentional fraudulent misrepresentation was not found.[38]

Quite the opposite is true in the case before the Court.  In both the original state court *Petition* and the *Amended, Supplemental, and Restated Complaint,* Plaintiff makes clear it is pleading fraud as a basis for rescission of contract.  The pleadings are simply devoid of allegations based in tort or negligence.  Accordingly, TMI cannot maintain a direct action against CFSI.

---

[36] *Id.* at 734.
[37] *Id.*
[38] *Id.* at 735.
32816

III.    **CONCLUSION**

For the reasons set forth above, the *Motion to Dismiss*[39] by Defendant Crum &

Forster Specialty Insurance Company is GRANTED.  Crum & Forster Specialty Insurance

Company is dismissed with prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>June 15, 2016</u>.


_____

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[39] Rec. Doc. No. 21.
32816